# BROWN & CONNERY, LLP

ATTORNEYS AT LAW
360 HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900
FAX (856) 858-4967

Michael J. Miles, Esq.
mmiles@brownconnery.com
Direct Dial: (856) 812-2206

November 27, 2024

***Via Electronic Filing***
Hon. Matthew J. Skahill, U.S.M.J.
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

  Re: ***Manuel Pontes, Ph.D. v. Rowan University***
    **Case No. 1:18-cv-17317-RMB-MJS**
    **Our File No. 19-0315**

Dear Judge Skahill:

  This office represents Defendant, Rowan University, in this matter. We are in receipt of the letter filed by Plaintiff's counsel on November 26, 2024 [Doc. No. 133]. Plaintiff contends that the deposition of Nancy Pontes, during which Plaintiff's counsel elicited testimony regarding Plaintiff's medical condition, somehow warrants the denial of the request for sanctions that remains pending before the Court. Defendant disagrees.

  Defendant's request for sanctions [Doc. Nos. 84, 85], which the Court reserved judgment on [Doc. No. 88], stems not from Plaintiff's medical condition, but from Plaintiff's knowing failure to appear for a Court ordered deposition, on less than twenty minutes notice, to attend an appointment with his primary care physician to prep for a medical procedure the following day. That appointment was to occur at the same time as the Court ordered deposition, and had been scheduled by Plaintiff months in advance. As a result of Plaintiff's deceit, Defendant was forced to needlessly incur the Court Reporter's appearance fee and the expense associated with counsel needlessly preparing for a deposition that Plaintiff had no intention of attending. The testimony of Nancy Pontes confirmed that Plaintiff attended the appointment with his primary care physician, that the appointment was at the same time as the Court ordered deposition, and that the appointment had been scheduled months in advance. In sum, everything set forth in Defendant's prior submissions on this topic [Doc. Nos. 84, 85] remains accurate, having now been confirmed by Nancy Pontes after previously having been confirmed by Plaintiff at his deposition. Sanctions remain appropriate and should be granted at such time that the Court deems appropriate.

  Separately, the testimony of Nancy Pontes at her deposition on November 25, 2024 reflects that: (1) to date, she has not conducted a search for documents responsive to Request 1 of the subpoena served upon her; (2) she did not conduct a search for documents responsive to Requests

**BROWN & CONNERY, LLP**

November 27, 2024
Page 2

4 or 5 prior to the case management conference held on November 13, 2024; (3) certain documents responsive to Requests 4 and 5 were located in a search conducted after the case management conference and provided by Nancy Pontes to Plaintiff for transmittal to Plaintiff's counsel, but no such documents have been produced or identified to Defendant to date; (4) she could not recall ever seeing the letters from my office, dated September 25, 2024 and October 14, 2024, outlining potential deficiencies in her document production, which the Court Ordered her to be provided with [Doc. No. 125]—Plaintiff's counsel has separately represented that he provided the letters to Plaintiff for transmittal to Nancy Pontes; (5) she was directed to search only for any communications between herself and Plaintiff's counsel, as opposed to the broader requests made in the subpoena; and (6) while she believed the certifications regarding the completeness of her document production to be accurate at the time she signed them, they are not fully accurate. As a result, Defendant is again being forced to needlessly incur additional expenses to obtain appropriate Court ordered discovery.

While Defendant is not seeking any additional sanctions in connection with the response of Nancy Pontes to the subpoena served upon her at this time, there is a pattern of conduct that continues, which adds further weight to the pending request for sanctions stemming from Plaintiff's failure to appear for his Court ordered deposition. Those sanctions are appropriate and necessary to prevent further disregard of this Court's Orders.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,
**BROWN & CONNERY, LLP**

*s/ Michael J. Miles*
Michael J. Miles

cc: Counsel of Record (*via electronic filing*)

7QZ4713